■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES OSTERMAN, Appellant.— Order, Supreme Court, New York County, entered September 28, 1970, denying, without a hearing, defendant's application for a writ of error *coram nobis*, unanimously reversed, on the law, and a hearing is directed to determine the issue of defendant's sanity at time of plea and sentence and also to determine whether he should be granted *Montgomery* relief and be resentenced to afford him the opportunity to appeal his conviction. Defendant pleaded guilty to murder in the second degree on June 6, 1940. Prior to sentencing a doctor in the Court of General Sessions Clinic found " defendant is probably mentally ill * * * he is on the border of a psychosis." Defendant was then examined at Bellevue Hospital where two doctors reported that while defendant showed certain abnormalities, he was, nevertheless, " not insane enough not to be responsible for the act that he committed." He was sentenced to State prison to serve 20 years to life on July 29, 1940. Within nine days

of his arrival at State prison, on August 8, 1940, he was transferred to Dannemora State Hospital as a mental patient, where he remained for almost 24 years. He was transferred to State prison on March 6, 1964. Appellant's *pro se* petition contains sufficient allegations to raise a triable issue of fact entitling him to a hearing on the merits with regard to his mental capacity. The mere fact that defendant was committed to a mental institution shortly after he was convicted is some indication that he may have been legally insane at the time he pleaded guilty. (See *People* v. *Haynes,* 30 A D 2d 705; *People* v. *Moore,* 21 A D 2d 860.) Since defendant presented a proper and sufficient claim that he was mentally incapacitated during the time limited by law for the taking of an appeal from the judgment of conviction and that such incapacity prevented him from taking an appeal, he should be accorded a *Montgomery* hearing to determine whether he should be resentenced to afford him the right to appeal. It should be noted that prior to sentence defendant sought to withdraw his guilty plea to no avail. (See *People* v. *Hill,* 9 A D 2d 451, affd. 8 N Y 2d 935.) Concur — McGivern, J. P., Markewich, Nunez, Murphy and Tilzer, JJ.